IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BOBBY D. FENTRESS, and all other individuals similarly situated, § § § | |
| Plaintiff, § | Case No. 4:16-cv-03484 |
| § | |
| v. § | |
| § | |
| EXXON MOBIL CORPORATION, BRADLEY WILLIAM CORSON, SUZANNE McCARRON, MALCOLM FARRANT, NEIL CHAPMAN, and D.G. WASCOM, § § § § § § | |
| Defendants. § | |

## STIPULATION AND PROPOSED ORDER

WHEREAS, on November 23, 2016, Bobby D. Fentress, the plaintiff ("Plaintiff") in this action (the "Action"), filed a purported class action complaint (the "Complaint") asserting claims against Defendant Exxon Mobil Corporation ("ExxonMobil"), and Defendants Bradley William Corson, Suzanne McCarron, Malcolm Farrant, Neil Chapman, and D.G. Wascom (collectively, the "Individual Defendants," and, with ExxonMobil, "Defendants") pursuant to 29 U.S.C. § 1109(a);

WHEREAS, on December 7, 2016, Plaintiff purported to effect service of the Complaint and summons in the Action on ExxonMobil;

WHEREAS, Plaintiff has not yet effected service of the Complaint and summons in the Action on the Individual Defendants;

WHEREAS, the parties agree that Defendants should not respond to the existing Complaint in the Action because that Complaint will be superseded by an amended complaint;

WHEREAS, on November 7, 2016, Pedro Ramirez, Jr., filed a purported class action complaint in the United States District Court for the Northern District of Texas, captioned *Ramirez* v. *Exxon Mobil Corporation et al.*, Case No. 3:16-cv-3111 (N.D. Tex.), asserting claims against ExxonMobil and other defendants pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 (the "Securities Class Action");

WHEREAS, the Securities Class Action is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA");

WHEREAS, the parties agree that this Action and the Securities Class Action arise out of substantially similar transactions;

WHEREAS, the parties further agree that judicial economy would be served if discovery in the Action and any discovery in the Securities Class Action were coordinated;

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for Plaintiff and the attorneys for Defendants, as follows:

1. Undersigned counsel for ExxonMobil and Individual Defendants Suzanne McCarron and Malcolm Farrant are authorized to accept, and hereby do accept, service of the summons and Complaint, without prejudice to or waiver of any of those Defendants' defenses, objections or arguments in this matter or any other matter, except as to sufficiency of service of process.

2. Defendants shall not be required to answer, move, or otherwise respond to, and are hereby expressly relieved from answering, moving, or otherwise responding to, the Complaint.

3. Plaintiff hereby voluntarily dismisses without prejudice Individual Defendants Bradley William Corson, Neil Chapman, and D.G. Wascom from the Action.

4. Within 30 days after the entry of this Stipulation and Order, Plaintiff shall serve and file an amended complaint.

5. Defendants shall move, answer, or otherwise respond to the amended complaint no later than sixty (60) days after the amended complaint is served and filed. If Defendants file a motion to dismiss the amended complaint, Plaintiff shall have sixty (60) days to respond to that motion and Defendants shall have thirty (30) days to file their reply brief(s).

6. The parties shall coordinate discovery in this Action with any discovery in the Securities Class Action and any related action that the Securities Class Action is transferred to or consolidated with (together with the Securities Class Action, the "Securities Cases"), which includes a stay of discovery pending resolution of a motion to dismiss, pursuant to the PSLRA; *provided*, *however*, that (a) subject to the prior entry of an appropriate confidentiality order, Defendants shall produce to Plaintiff copies of the most current versions of the documents that together comprise the Exxon Mobil Savings Plan, and (b) should any motion to dismiss the amended complaint filed by Defendants in this Action be denied before any motion to dismiss the Securities Cases is resolved, then Plaintiff will be entitled to take discovery focused solely on the ERISA portion of this Action pending resolution of any motion to dismiss the Securities Cases. For purposes of this stipulation, such discovery shall mean discovery that does not overlap with the Securities Cases and would not subject Defendants to duplicative discovery efforts. The parties shall meet and confer in good faith and make reasonable efforts to reach agreement as to the parameters of any such discovery. Subject to the foregoing, Defendants reserve their right to object to any discovery request on any grounds.

7. If any other ERISA actions are filed that arise out of substantially similar transactions alleged in the Complaint, the parties shall promptly meet and confer and, if appropriate, submit to the Court a modified stipulation and proposed order.

8. There have been no previous requests for an extension of time in this matter.

Dated: December 16, 2016

        **ZAMANSKY LLC**

           By: */s/ Samuel E. Bonderoff*
              Samuel E. Bonderoff
              (admitted *pro hac vice*)
              samuel@zamansky.com
              Jacob H. Zamansky
              (admitted *pro hac vice*)
              jacob@zamansky.com
              Edward H. Glenn
              (admitted *pro hac vice*)
              Edward@zamansky.com
              50 Broadway, 32nd Floor
              New York, NY 10004
              (212) 742-1414
              Fax: (212) 742-1177

        **SKELTON & WOODY**

              J. Hampton Skelton
              Southern District Bar No. 852
              hskelton@skeltonwoody.com
              248 Addie Roy Road, Suite B-302
              Austin, TX 78746
              (512) 651-7000
              Fax: (512) 651-7001

*Counsel for Plaintiff Bobby D. Fentress*

Dated: December 16, 2016

       **PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**

       By: */s/ Daniel J. Kramer*
           Theodore V. Wells, Jr.*
           twells@paulweiss.com
           Daniel J. Kramer*
           dkramer@paulweiss.com
           Daniel J. Toal*
           dtoal@paulweiss.com
           Gregory F. Laufer*
           glaufer@paulweiss.com
           Jonathan H. Hurwitz*
           jhurwitz@paulweiss.com
           1285 Avenue of the Americas
           New York, NY 10019-6064
           (212) 373-3000
           Fax: (212) 757-3990

       **HAYNES AND BOONE, LLP**

       By: */s/ Mark Trachtenberg*
           Mark Trachtenberg
           S.D. No. 24584
           State Bar No. 24008169
           mark.trachtenberg@haynesboone.com
           1221 McKinney, Suite 2100
           Houston, TX  77010-2007
           (713) 547-2000
           Fax: (713) 547-2600

           Nina Cortell*
           State Bar No. 04844500
           nina.cortell@haynesboone.com
           Daniel H. Gold*
           State Bar No. 24053230
           daniel.gold@haynesboone.com
           2323 Victory Avenue, Suite 700
           Dallas, TX 75219
           (214) 651-5000
           Fax: (214) 651-5940

           * *pro hac vice* application forthcoming

*Counsel for Defendants Exxon Mobil Corporation, Bradley William Corson, Suzanne McCarron, Malcolm Farrant, Neil Chapman, and D.G. Wascom*

                                SO ORDERED:

_____            _____
Dated                                      UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

      This is to certify that on this 16th day of December 2016, a true and correct copy of the foregoing document was filed electronically via the CM/ECF system, which gave notice to all counsel of record.

                                */s/ Mark Trachtenberg*
                                Mark Trachtenberg