IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY D. FENTRESS, and all other individuals similarly situated, | § § § | |
| Plaintiff, | § § | Case No. 4:16-cv-03484 |
| v. | § § | |
| EXXON MOBIL CORPORATION, SUZANNE McCARRON, and MALCOLM FARRANT, | § § § § | |
| Defendants. | § § § | |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, Bobby D. Fentress ("Plaintiff"), Exxon Mobil Corporation ("ExxonMobil"), Suzanne McCarron and Malcolm Farrant (collectively, the "Individual Defendants," and, with ExxonMobil, "Defendants") agree that certain information to be revealed in the course of this proceeding is of a confidential and/or proprietary nature;

WHEREAS, all the parties to this action (collectively the "Parties" and individually the "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of such information that may need to be disclosed in connection with discovery in this action;

WHEREAS, the Parties, through counsel, have conferred and stipulate as to the provisions of a protective order;

IT IS ORDERED that, for good cause shown, the following terms and conditions (the "Protective Order") shall govern the treatment of confidential documents and information produced or exchanged in the above-captioned action and any action that is transferred to or

consolidated with the above-captioned action (together, the "Action") and any person subject to the Protective Order—including without limitation the parties to this Action, their representatives, agents, experts, consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of the Protective Order—shall adhere to the following terms:

    1.    The following definitions shall apply to this Protective Order:

        (a)    "Party" or "Parties" shall mean and refer to any Party in the above captioned proceeding including its directors, officers, employees, and agents.

        (b)    "Document" or "documents" is used herein in the broadest sense to mean all documents, writings and things, including, without limitation, interrogatory responses, deposition transcripts, exhibits, and other discovery materials, whether printed, recorded or reproduced by any other mechanical or electronic process, or written and produced by hand.

        (c)    "Confidential Information" shall mean documents or information that is not publicly available and that the Producing Party deems in good faith to constitute sensitive or proprietary financial, technical, marketing, commercial or other business information or data that is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

        (d)    "Highly Confidential Information" shall mean documents or information that is not publicly available and that the Producing Party deems in good faith to constitute a trade secret or that contains or refers to current or future sensitive financial or competitive information entitled to protection under Rule 26 of the Federal Rules of Civil Procedure.

(e) "Expert Consultant" shall mean any independent person, firm, or corporation retained or specially employed by outside counsel of record for any Party to provide consulting or expert advice in connection with this Action or related actions or proceedings and who may or may not be expected to be called as a witness at trial; provided that such Expert Consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party (other than a consultant retained by a Party in this or related actions or proceedings), as far as the Expert Consultant can reasonably determine, and (ii) is using Confidential Information and/or Highly Confidential Information solely in connection with this Action. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Information or Highly Confidential Information absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

(f) "Producing Party" shall mean any Party or non-party who produces Confidential Information or Highly Confidential Information in the Action.

(g) "Receiving Party" shall mean any Party or non-party to whom Confidential Information or Highly Confidential Information is produced in the Action.

2. All documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for

admission, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom by or among any Party or non-party shall be used by the Receiving Party and any Qualified Person identified in Paragraph 5 below only for the purposes of the prosecution or defense of this Action (and any appeals thereof).

3. Any Party, or non-party, that produces information orally during testimony at depositions or at trial, in writing, or through the production of documents or otherwise during the course of the above-captioned proceeding, which it reasonably believes qualifies as Confidential Information or Highly Confidential Information, may designate such documents or information as "Confidential" or "Highly Confidential," respectively, and the documents or information so designated shall thereafter be subject to the provisions of this Protective Order. Such designation shall be made in the following manner:

(a) In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Information or Highly Confidential Information; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the documents or other materials (e.g., CD-ROM, floppy disk, DVD);

(b) In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within thirty (30) days of the deposition or other pre-trial testimony; provided that only

those portions of the transcript designated as Confidential Information or Highly Confidential Information shall be deemed Confidential Information or Highly Confidential Information. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court; or

      (c)  In any other case, by written notice that the materials or information produced constitute Confidential Information or Highly Confidential Information.

If testimony at a deposition, hearing, or otherwise is designated Confidential or Highly Confidential, only those persons who may have access to such information under the terms of the Protective Order may be in attendance to hear testimony. Any confidentiality designation which is inadvertently omitted during document production, in connection with a deposition, hearing, or other oral testimony, or in connection with any other discovery may be corrected by written notification to counsel, and such documents or information shall be treated in accordance with the provisions of this Protective Order.

    4.  At any deposition, when counsel for a Party or counsel for the deponent deems that a question or the answer to a question will result in the disclosure of Confidential Information or Highly Confidential Information, counsel shall have the option, in addition to any other steps available under the Federal Rules of Civil Procedure or this Order, to request that all persons not authorized as a Qualified Person who have access to the appropriate category of information, leave the deposition during any discussion of Confidential Information or Highly Confidential Information at the deposition.

5. Documents and information designated as "Confidential Information" pursuant to Paragraph 3 above shall be limited in their disclosure exclusively to Qualified Persons. "Qualified Persons" shall mean:

(a) The Parties;

(b) Counsel of record to the Parties, and in-house counsel of the Parties, and clerical, paralegal, and secretarial staff necessary to assist such counsel in the prosecution or defense of this action, including, subject to Paragraph 7, third parties engaged by a Party's counsel to furnish litigation-related services in the Action such as document coding, image scanning, mock trial, jury consulting, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(c) Subject to Paragraph 7, Expert Consultants retained by outside counsel of record for purposes of this Action;

(d) The Court and its personnel;

(e) Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

(f) Subject to Paragraph 7, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Action; and

(g) Subject to Paragraph 7, any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party.

6. Documents and information designated as "Highly Confidential" pursuant to Paragraph 3 above, shall be limited in their disclosure exclusively to those Qualified Persons specified in Paragraph 5(b)-(g).

7. Confidential Information or Highly Confidential Information shall be disclosed only to Qualified Persons as discussed in Paragraphs 5 or 6 above. Additionally, Confidential Information and/or Highly Confidential Information shall not be disclosed to third parties engaged by a Party's counsel to furnish litigation-related services in the Action such as document coding, image scanning, mock trial, jury consulting, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents pursuant to Paragraph 5(b) or to any Qualified Person specified in Paragraph 5(c), (f)-(g) until such persons execute a copy of the declaration attached hereto as Exhibit A. Outside counsel of record for each Party shall retain all declarations executed by any Qualified Person to which it disclosed Confidential Information or Highly Confidential Information.

8. In the event that a Receiving Party shall at any time disagree with the Producing Party's designation of any information or material as Confidential or Highly Confidential, the Receiving Party shall give the Producing Party written notice of said objection and state the basis for such objection. Thereafter, the Receiving Party and the Producing Party shall endeavor to arrive at an agreement that some or all of such information is or is not Confidential or Highly Confidential, and shall otherwise try in good faith to resolve such dispute on an informal basis. If the Parties are unable to resolve their dispute within seven (7) days, the

party objecting to the designation may move or apply to the Court for such relief as it believes appropriate. The Court may then determine whether the documents or information should be considered Confidential or Highly Confidential, and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. Until said dispute is resolved by the Court, the documents or information designated Confidential or Highly Confidential by the Producing Party shall retain such confidential designation. If the Receiving Party does not file a motion for a determination, and unless otherwise ordered by the Court, the challenged designation shall stand. The designation of Confidential Information or Highly Confidential Information pursuant to this Protective Order shall not create any presumption with respect to the confidential, proprietary or trade secret nature of any information, documents or things.

9. No Confidential Information or Highly Confidential Information shall be filed in the public record in the Action. All documents and information subject to confidential treatment in accordance with the terms of this Protective Order that are filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information or Highly Confidential Information, shall be filed under seal in accordance with the Local Rules of the Southern District of Texas and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. All pleadings or other documents filed under seal must be identified as "SEALED" in the title of the document.

10. This Protective Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Confidential Information or Highly Confidential Information; or (ii) impose any

restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Information or Highly Confidential Information obtained lawfully by such person independently of the discovery proceedings in this Action, and not otherwise subject to confidentiality restrictions.

11. Should any Receiving Party or Qualified Person, or their agents or representatives, receive a subpoena or other compulsory process seeking the production or other disclosure of Confidential Information or Highly Confidential Information received from a Producing Party in this Action, the Receiving Party or Qualified Person shall give written notice (by hand, email or facsimile transmission) to counsel for the Producing Party within three (3) business days of receipt of such subpoena or other compulsory process (or if a response to the subpoena or other compulsory process is due in less than three business days, at least 24 hours prior to the deadline for a response to the subpoena or other compulsory process), identifying the Confidential Information or Highly Confidential Information sought and enclosing a copy of the subpoena or other compulsory process, and must object to the production of the Confidential Information or Highly Confidential Information on the grounds of the existence of this Protective Order. The burden of opposing the enforcement of the subpoena or other compulsory process will fall on the Producing Party. If the Producing Party timely objects, the Receiving Party or Qualified Person shall not disclose any Confidential Information or Highly Confidential Information until any objection to the subpoena or other compulsory process is resolved. Nothing herein shall be construed as requiring the Receiving Party or Qualified Person or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information or Highly Confidential Information covered by this Protective Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek

any relief from this Court or any other court. Compliance by the Receiving Party or Qualified Person with any order directing production pursuant to a subpoena or other compulsory process of any Confidential Information or Highly Confidential Information will not constitute a violation of this Protective Order.

12. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all possible appeals, all persons having received Confidential Information or Highly Confidential Information shall, at the option of the Producing Party, either (i) return such material, including summaries, excerpts, and derivative works, to counsel for the Producing Party, or (ii) destroy all such material, including summaries, excerpts, and derivative works, and certify to that fact in writing to counsel for the Producing Party. Notwithstanding the foregoing, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product containing Confidential Information or Highly Confidential Information, provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, deposition and trial transcripts, and attorney work product to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

13. This Protective Order is without prejudice to the right of any Party to seek from the Court modification of or additions to any provision contained in it at any time after notice to all other Parties. Any Party may apply to the Court for amendment of, modification of, or addition to this Protective Order at any time. This Protective Order shall survive the final determination of this Action and shall remain in full force and effect after the conclusion of all

proceedings herein in order to provide a court with jurisdiction to enforce its terms and to insure compliance herewith.

14. The Parties agree that the production of any Confidential Information or Highly Confidential Information by a non-party shall be subject to and governed by the terms of this Protective Order. Any Party issuing a subpoena or other compulsory process to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of this Protective Order are available to such non-party.

15. The Parties hereby agree to reasonably cooperate to limit the burden on the Court in the introduction of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL by redacting such Confidential Information or Highly Confidential Information, through stipulation, or through other appropriate means with the objective that the case be tried, to the extent reasonably feasible, on an open record. Further, in order to facilitate the open exchange of information and limit the burden on the Parties, the Parties agree that there shall be no redaction of material designated as Confidential or Highly Confidential between the Parties' respective outside counsel of record (i.e., redactions are appropriate only when submitting such materials to the Court), except where the redaction contains information protected by the attorney-client privilege, the work product immunity, or any other privilege or immunity from disclosure.

16. Before any trial, hearing or other court proceeding in which Confidential Information or Highly Confidential Information may be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential Information or Highly Confidential Information. The Parties reserve the right to

seek relief from the Court to protect the confidentiality of any Confidential Information or Highly Confidential Information in connection with any trial, hearing or other court proceeding.

17. If any Producing Party inadvertently produces documents or information that is subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity from disclosure to any Receiving Party ("Inadvertent Production Material"), consistent with Federal Rule of Evidence 502(d), such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product immunity, or any other privilege or immunity from disclosure. If a claim of inadvertent production is made pursuant to this Protective Order, the Receiving Party possessing any Inadvertent Production shall (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material, (ii) retrieve the Inadvertent Production Material if the Receiving Party disclosed the Inadvertent Production Material before receiving notification from the Producing Party, (ii) within ten (10) business days of receiving notice from the Producing Party, return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact, and (iii) not use the Inadvertent Production Material for any purpose absent further order of the Court. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the documents or information in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise

disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

18. Entering into this Protective Order, or agreeing to and/or producing or receiving Confidential Information or Highly Confidential Information or otherwise complying with the terms of this Protective Order, shall not:

(a) Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

(b) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Confidential Information or Highly Confidential Information;

(c) Operate as an admission by any Party that any particular documents or information constitute Confidential Information or Highly Confidential Information;

(d) Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information, or (ii) seek a determination by the Court whether any Confidential Information or Highly Confidential Information should be subject to the terms of this Protective Order;

(e) Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Confidential Information or Highly Confidential Information;

(f) Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(g) Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

(h) Operate as a waiver of any attorney-client privilege, work product immunity, or other privilege or immunity from disclosure, or waive or restrict a Party's right to withhold such documents from production.

19. No Receiving Party or Qualified Person shall reveal any Confidential Information or Highly Confidential Information, to anyone not entitled to receive such Confidential Information or Highly Confidential Information under the terms of this Protective Order. In the event that Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, or that any information comes to the Receiving Party's or Qualified Person's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Information or Highly Confidential Information, the Receiving Party or Qualified Person responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiving Party or Qualified Person responsible for the disclosure or loss of confidentiality shall make good-faith reasonable efforts to prevent disclosure of Confidential Information or Highly Confidential Information by each unauthorized person who receives the information.

20. In the event additional Parties join or are joined in this Action, they shall not have access to Confidential Information or Highly Confidential Information until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Protective Order.

Dated: December 22, 2016

**ZAMANSKY LLC**

By: /s/ *Samuel E. Bonderoff*
    Samuel E. Bonderoff
    (admitted *pro hac vice*)
    samuel@zamansky.com
    Jacob H. Zamansky
    (admitted *pro hac vice*)
    jacob@zamansky.com
    Edward H. Glenn
    (admitted *pro hac vice*)
    Edward@zamansky.com
    50 Broadway, 32nd Floor
    New York, New York 10004
    (212) 742-1414
    Fax: (212) 742-1177

**SKELTON & WOODY**

    J. Hampton Skelton
    Southern District Bar No. 852
    hskelton@skeltonwoody.com
    248 Addie Roy Road, Suite B-302
    Austin, Texas 78746
    (512) 651-7000
    Fax: (512) 651-7001

*Counsel for Plaintiff Bobby D. Fentress*

Dated: December 22, 2016

        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP**

By: /s/ *Daniel J. Kramer*
     Theodore V. Wells, Jr.*
     twells@paulweiss.com
     Daniel J. Kramer*
     dkramer@paulweiss.com
     Daniel J. Toal*
     dtoal@paulweiss.com
     Gregory F. Laufer*
     glaufer@paulweiss.com
     Jonathan H. Hurwitz*
     jhurwitz@paulweiss.com
     1285 Avenue of the Americas
     New York, NY 10019-6064
     (212) 373-3000
     Fax: (212) 757-3990

\* *pro hac vice* application pending

*Counsel for Defendants Exxon Mobil Corporation, Suzanne McCarron, and Malcolm Farrant*

Dated: December 22, 2016

### HAYNES & BOONE, LLP

By: /s/ Mark Trachtenberg
Mark Trachtenberg
S.D. No. 24584
State Bar No. 24008169
mark.trachtenberg@haynesboone.com
1221 McKinney, Suite 2100
Houston, TX 77010-2007
(713) 547-2000
Fax: (713) 547-2600

-and-

Nina Cortell*
State Bar No. 04844500
nina.cortell@haynesboone.com
Daniel H. Gold*
State Bar No. 24053230
daniel.gold@haynesboone.com
2323 Victory Avenue, Suite 700
Dallas, TX 75219
(214) 651-5000
Fax: (214) 651-5940

* *pro hac vice* application forthcoming

*Counsel for Defendants Exxon Mobil Corporation, Suzanne McCarron, and Malcolm Farrant*

SO ORDERED:

12/27/16
Dated

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BOBBY D. FENTRESS, and all other individuals similarly situated, | § § § § § § § § § § § § § | |
| Plaintiff, | | Case No. 4:16-cv-03484 |
| v. | | |
| EXXON MOBIL CORPORATION, SUZANNE McCARRON, and MALCOLM FARRANT, | | |
| Defendants. | | |

## DECLARATION ON STIPULATED PROTECTIVE ORDER

Under penalty of perjury, I declare the following to be true and correct:

1.  I have read the Protective Order dated _____, 2016, and entered in the above-captioned proceeding pending in the United States District Court for the Southern District of Texas, Houston Division (the "Proceeding") and agree to be bound by all of the terms and conditions hereof and to subject myself to the jurisdiction of the Court for enforcement thereof;

2.  In the absence of written permission from a Producing Party, or an order from the Court, I agree to hold in confidence all Confidential Information or Highly Confidential Information produced by a Producing Party and disclosed to me pursuant to the terms of the Protective Order and will use any Confidential Information or Highly Confidential Information produced by a Producing Party solely for purposes of the Proceeding (and any appeals thereof) and for no other purpose whatsoever;

3. I will keep and maintain all Confidential Information or Highly Confidential Information produced by a Producing Party in a safe and secure fashion in order to ensure that such documents or information are not made accessible to any person not qualified under this Protective Order to receive it; and

4. I will within thirty (30) days of the termination of the Proceeding (and any appeals thereof) return all Confidential Information or Highly Confidential Information produced by a Producing Party then in my possession to outside counsel of record for the Producing Party. Within said time period, I will also destroy all copies of Confidential Information or Highly Confidential Information containing any notes or other markings and all notes, abstracts, summaries, memoranda and other documents containing or making reference to any Confidential Information or Highly Confidential Information.

Dated: _____

_____
Signature

_____
Name

_____
Title

_____
Address