IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AZMI ATTIA, MARK BARR, and KEVIN CONROY, and all other individuals similarly situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>EXXON MOBIL CORPORATION, SUZANNE McCARRON, MALCOLM FARRANT, BETH CASTEEL, DANIEL LYONS, and LEN FOX,<br><br>  Defendants. | Case No.: 4:16-cv-03484<br><br>Hon. Keith P. Ellison |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Azmi Attia, Mark Barr, and Kevin Conroy respectfully submit their response to Defendants' August 8, 2017 notice of supplemental authority in support of their motion to dismiss the amended class action complaint (Dkt. No. 40). Defendants' proffered authority of *Martone v. Robb*, No. 1:15-cv-877 RP, 2017 WL 3326966, 2017 U.S. Dist. LEXIS 122014 (W.D. Tex. Aug. 2, 2017) ("*Martone*") should not incline this Court toward granting Defendants' motion.

Defendants argue for the *Martone* decision's persuasiveness by pointing to its holding that, in that case, the "plaintiff's hedging allegations were insufficient under *Dudenhoeffer* because the hedge would have to be publicly disclosed under ERISA, 29 U.S.C. § 1104(c)(4)(C)(i), and could therefore have caused a drop in the stock price." (Dkt. No. 40 at 2.) Specifically, the *Martone* court found that this ERISA provision required disclosure to Plan participants of a "qualified change in investment options[,]" which the *Martone* court concluded would apply to a low-cost hedging product, because a "'qualified change in investment options' means … a change in the

investment options … under which—(i) the account of the participant or beneficiary is reallocated among one or more remaining or new investment options which are offered in lieu of one or more investment options offered immediately prior to the effective date of the change ….." *Martone*, 2017 WL 3326966, at *5 (quoting 29 U.S.C. § 1104(c)(4)(B)(i)).

Setting aside the *Martone* court's improper deployment of facts not found in the *Martone* plaintiff's complaint to support its conclusion, this holding does not apply to the facts alleged in this case. Plaintiffs have alleged that a low-cost hedging product could have been financed without even using Plan funds. (*See* Dkt. No. 36 at ¶ 132.) In other words, none of the funds invested by any Plan participant needed to be used to pay for the hedging product. (*Id.*) Thus, no funds of any "participant or beneficiary" would be "reallocated" to finance the purchase of the hedging product; ergo, the ERISA provision (wrongly) relied on by the *Martone* court would not come into play. Plaintiffs' contention that "[d]isclosure of the product's purchase would not be required, so Defendants need not have feared even the tiniest stock drop in response to their action" (Dkt. No. 38 at 15 (citing Dkt. No. 36 at ¶ 136)), is unaffected by *Martone*.

DATED:  August 9, 2017

By:   */s/ Samuel E. Bonderoff*

Samuel E. Bonderoff (admitted *pro hac vice*)
**ZAMANSKY LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone:  (212) 742-1414
Facsimile:   (212) 742-1177
*samuel@zamansky.com*

*Attorney-in-Charge for Plaintiffs and
the Proposed Class*

Jacob H. Zamansky (*pro hac vice*)
Edward H. Glenn, Jr. (*pro hac vice*)
Justin Sauerwald (*pro hac vice*)
**ZAMANSKY LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: (212) 742-1414
Facsimilie:  (212) 742-1177

*Interim Lead Counsel for Plaintiffs
and the Proposed Class*

J. Hampton Skelton
Southern District Bar. No. 852
**SKELTON & WOODY**
248 Addie Roy Road, Suite B-302
Austin, TX 78746
Telephone: (512) 651-7000
Facsimile:  (512) 651-7001
*hskelton@skeltonwoody.com*

*Interim Lead Counsel for Plaintiffs
and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiffs' Response to Defendants' Notice of Supplemental Authority has been served by electronic CM/ECF filing, on this 9th day of August, 2017.

*/s/ Samuel E. Bonderoff*
Samuel E. Bonderoff