IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AZMI ATTIA, MARK BARR, KEVIN CONROY, and all other individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, SUZANNE McCARRON, MALCOLM FARRANT, BETH CASTEEL, DANIEL LYONS, and LEN FOX,<br><br>Defendants. | Case No. 4:16-cv-03484<br><br>Honorable Keith P. Ellison |

**DEFENDANTS' REPLY REGARDING NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO DISMISS
THE AMENDED CLASS ACTION COMPLAINT**

Defendants Exxon Mobil Corporation ("ExxonMobil"), Suzanne McCarron, Malcolm Farrant, Beth Casteel, Daniel Lyons, and Len Fox respectfully submit this reply regarding their notice of supplemental authority in support of their motion to dismiss the amended class action complaint (ECF No. 37).

In their response, plaintiffs purport to distinguish *Martone* v. *Robb*, No. 1:15-cv-877 RP, slip op. (W.D. Tex. Aug. 3, 2017) by citing conclusory allegations in the amended class action complaint ("Complaint") here that "a low-cost hedging product could have been financed without even using Plan funds." (ECF No. 41 at 2.) Besides the use of Plan funds, however, the only financing options that the Complaint identifies are "the provision of cash by the Plan Sponsor [i.e., ExxonMobil]" and unspecified "third-party financing." (ECF No. 36 ¶ 132.) But plaintiffs fail to plead non-conclusory facts showing that third-party financing could be

accomplished without the use of any Plan assets (for example, as collateral for any loan) or demonstrating that ExxonMobil, in its role as Plan Sponsor, would have any obligation to provide the cash necessary for the hedging product. And, as the court held in *Martone*, use of Plan funds to purchase the purported hedging product would have to be publicly disclosed under ERISA. Plaintiffs' assertions aside, *Martone's* reasoning continues to support the dismissal of plaintiffs' Complaint with prejudice.

Dated: August 10, 2017

OF COUNSEL:

Mark Trachtenberg
Texas State Bar No. 24008169
S.D. Tex. Bar No. 24584
HAYNES AND BOONE, LLP
1221 McKinney, Suite 2100
Houston, TX 77010-2007
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
mark.trachtenberg@haynesboone.com

Nina Cortell
Texas State Bar No. 04844500
S.D. Tex. Bar No. 3084650
Daniel H. Gold
Texas State Bar No. 24053230
S.D. Tex. Bar No. 2707300
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
nina.cortell@haynesboone.com
daniel.gold@haynesboone.com

Respectfully submitted,

 /s/ Daniel J. Kramer
Daniel J. Kramer (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
dkramer@paulweiss.com

*Attorney-in-Charge for Defendants*

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Gregory F. Laufer (*pro hac vice*)
Jonathan Hurwitz (*pro hac vice*)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
twells@paulweiss.com
dtoal@paulweiss.com
glaufer@paulweiss.com
jhurwitz@paulweiss.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion has been served by electronic CM/ECF filing, on this 10th day of August, 2017.

                                                 */s/ Daniel J. Kramer*
                                                 Daniel J. Kramer