IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AZMI ATTIA, MARK BARR, and KEVIN CONROY, and all other individuals similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>EXXON MOBIL CORPORATION, SUZANNE McCARRON, MALCOLM FARRANT, BETH CASTEEL, DANIEL LYONS, and LEN FOX,<br><br>    Defendants. | Case No.: 4:16-cv-03484<br><br>Hon. Keith P. Ellison |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Azmi Attia, Mark Barr, and Kevin Conroy respectfully submit their response to Defendants' October 11, 2017 second notice of supplemental authority in support of their motion to dismiss the amended class action complaint (Dkt. 43 (the "Second Notice").)

The Second Notice is not really a notice at all; it is five pages of rehashed argument from Defendants' motion to dismiss. (*Compare* Dkt. 43 at 1-5 and Dkt. 37-1 at 18-23, Dkt. 39 at 6-10). Defendants have not sought leave to file what is essentially an impermissible sur-reply. *See Info-Power Int'l, Inc. v. Coldwater Tech., Inc.*, 2008 U.S. Dist. LEXIS 107065, at *25-26 (N.D. Tex. Dec. 31, 2008) (refusing to consider sur-reply that was "dedicated to further rehashing" arguments made in prior briefing).[1]

---

[1] This is not the first time that Defendants have exceeded the briefing constraints of this District. The last time that Defendants filed a Notice of Supplemental Authority, to which Plaintiffs promptly and briefly responded, Defendants then submitted a reply to Plaintiffs' response (Dkt. No. 42), a submission contemplated nowhere in the Local Civil Rules of the Southern District of Texas.

None of the cases attached to the Second Notice involved specific factual allegations like those alleged in this case regarding the vector of the price of oil and its correlation to Exxon's stock price or Defendants' fraudulently concealed knowledge of the risks of global climate change and its effect on the value of Exxon's stranded reserves. (*See, e.g.*, Dkt. 38 at 12-13 (discussing Dkt. 36 at ¶¶ 18, 63-66, 69-84, 110-13).)

At least the *Wells Fargo* decision is honest about why so many courts and corporate defendants—including Defendants in this case—wish to apply the "more harm than good" standard in such draconian fashion: they think them fundamentally illegitimate. *See* Dkt. 43-1 at 2 (dismissing ESOP prudence claims as a means for plaintiffs "to evade the PSLRA").

Defendants also fail to mention that two of their three "authorities" granted the plaintiffs in those cases the opportunity to try to file amended complaints—just as Plaintiffs have requested here if the Court sees fit to grant Defendants' motion. (*See* Dkt. 43-1 at 7, 43-3 at 19.)

DATED:  October 12, 2017

By: */s/ Samuel E. Bonderoff*

Samuel E. Bonderoff (admitted *pro hac vice*)
**ZAMANSKY LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone:  (212) 742-1414
Facsimile:   (212) 742-1177
*samuel@zamansky.com*

*Attorney-in-Charge for Plaintiffs and
the Proposed Class*

Jacob H. Zamansky (*pro hac vice*)
Edward H. Glenn, Jr. (*pro hac vice*)
Justin Sauerwald (*pro hac vice*)
**ZAMANSKY LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: (212) 742-1414
Facsimilie:  (212) 742-1177

*Interim Lead Counsel for Plaintiffs
and the Proposed Class*

J. Hampton Skelton
Southern District Bar. No. 852
**SKELTON & WOODY**
248 Addie Roy Road, Suite B-302
Austin, TX 78746
Telephone: (512) 651-7000
Facsimile:  (512) 651-7001
*hskelton@skeltonwoody.com*

*Interim Lead Counsel for Plaintiffs
and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiffs' Response to Defendants' Second Notice of Supplemental Authority has been served by electronic CM/ECF filing, on this 12th day of October, 2017.

*/s/ Samuel E. Bonderoff*
Samuel E. Bonderoff