IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AZMI ATTIA, MARK BARR, KEVIN CONROY, and all other individuals similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXXON MOBIL CORPORATION, SUZANNE McCARRON, MALCOLM FARRANT, BETH CASTEEL, DANIEL LYONS, and LEN FOX,<br><br>Defendants. | Case No. 4:16-cv-03484<br><br>Honorable Keith P. Ellison |

**DEFENDANTS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendants Exxon Mobil Corporation, Suzanne McCarron, Malcolm Farrant, Beth Casteel, Daniel Lyons, and Len Fox respectfully submit this third notice of supplemental authority in support of their motion to dismiss the Amended Class Action Complaint (ECF No. 37).

In two recent decisions, the United States Courts of Appeal for the Sixth and Ninth Circuits have affirmed the dismissal of stock-drop claims brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, against the fiduciaries of an employee stock option plan on the ground that the complaints in those cases failed adequately to allege an alternative action that the fiduciaries could have taken as required by *Fifth Third Bancorp* v. *Dudenhoeffer*, 134 S. Ct. 2459 (2014). These decisions provide further support for Defendants' motion to dismiss. Copies of the opinions are attached.

***Graham (Eaton Corp.)***. On January 8, 2018, the United States Court of Appeals for the

Sixth Circuit issued an opinion in *Graham* v. *Fearon*, No. 17-3407, 2018 WL 315098 (6th Cir.

Jan. 8, 2018) (attached as Exhibit A) that affirmed the district court's earlier decision to dismiss

with prejudice the plaintiffs' duty-of-prudence, stock-drop claims against the fiduciaries of an

employee stock option plan. *See Graham* v. *Fearon*, No. 1:16-cv-2366, 2017 WL 1113358 (N.D.

Ohio Mar. 24, 2017)). Defendants cited the district court's opinion in their opening and reply

briefs in support of their motion to dismiss. (*See* ECF No. 37 at 13, 16 & ECF No. 39 at 3, 5.)

As in this case, the plaintiffs in *Graham* alleged that the defendants should have protected

plan participants by: (1) disclosing the allegedly adverse information, (2) halting new

contributions or investments in the company's stock, or (3) investing plan assets in a "low-cost

hedging product to offset some of the losses." *Graham*, 2018 WL 315098, at *2.

In affirming the district court's opinion, the Sixth Circuit held that the complaint did not

propose an alternative action so clearly beneficial that a prudent fiduciary could not conclude

that it would be more likely to harm the fund than to help it. *Id.*, at *5. In particular, the court

rejected the plaintiffs' arguments that an earlier disclosure of the allegedly adverse information

or halting of trading would necessarily be better for plan participants, including their assertion

that "'the longer a securities fraud goes on, the more harm it causes to shareholders.'" *Id.*, at *5-6

(quoting appellants' brief). The court next rejected the plaintiffs' argument that the continuing

decline in the company's stock price in the months after the disclosure of adverse information

showed that the company suffered a "'reputational penalty'" from concealing the information

because the defendants' duty of prudence does not require prescience. *Id.*, at *6–7. The court

further rejected the plaintiffs' hedging allegations, reasoning that plaintiffs failed to provide

"specific factual allegations" regarding the vague "low-cost hedging product" to permit the court

to engage in the "careful, context-sensitive scrutiny of a complaint's allegations" as required by *Dudenhoeffer*. *Id.*, at \*7.

The Sixth Circuit also rejected the plaintiffs' argument that "it would make little sense for the Supreme Court to reject a presumption of prudence in [*Dudenhoeffer*] only to impose a standard that virtually forecloses all similar actions in the future," an argument the plaintiffs here make. *Id.*, at \*7. Recognizing that the standard was "difficult for plaintiffs to meet," the court reasoned that "under the particular facts of this case, none of Plaintiff's proposed alternatives was so clearly beneficial that a prudent fiduciary, under then prevailing circumstances, could not conclude that it would be more likely to harm the fund than to help it." *Id.*

Finally, the Sixth Circuit held that the district court properly exercised its discretion in denying the plaintiffs' perfunctory request for leave to amend. *Id.*, at \*8. The court reasoned that the plaintiffs did not state additional facts that would cure any of the complaint's potential deficiencies and thus gave the district court no reason to believe that an amended complaint would be anything other than futile. *Id.*

***Laffen (Hewlett-Packard Co.)***. On January 9, 2018, the United States Court of Appeals for the Ninth Circuit issued an opinion in *Laffen* v. *Hewlett-Packard Co.*, No. 15-16360, 2018 WL 328117 (9th Cir. Jan. 9, 2018) (attached as Exhibit B) that affirmed the district court's earlier decision to dismiss with prejudice the plaintiffs' duty-of-prudence, stock-drop claims against the fiduciaries of an employee stock option plan.

The plaintiffs in *Laffen* faulted the defendants for investigating a whistleblower's allegations that a company acquired by the defendant company had engaged in questionable accounting practices before taking alternative action to protect plan participants. *Laffen*, 2018 WL 328117, at \*2. As in this case, the plaintiffs alleged that the defendants should have

3

protected plan participants by: (1) disclosing the allegedly adverse information, or (2) halting new contributions or investments in the company's stock. *Id*.

In affirming the district court's opinion, the Ninth Circuit held that the complaint did not propose an alternative action so clearly beneficial that a prudent fiduciary could not conclude that it would be more likely to harm the fund than to help it. *Id*. In particular, the court reasoned that "a prudent fiduciary in the same circumstances as Defendants-Appellees could view Laffen's proposed alternative course of action as likely to cause more harm than good without first conducting a proper investigation." *Id*. In addition, the court held that the complaint failed to plausibly allege that the defendants concealed inside information from plan participants, reasoning that all information available and required to be disclosed was appropriately disclosed. *Id*., at *1-2.

Dated: January 18, 2018

OF COUNSEL:                                    Respectfully submitted,

Mark Trachtenberg
Texas State Bar No. 24008169                    _/s/ Daniel J. Kramer_
S.D. Tex. Bar No. 24584                         Daniel J. Kramer (*pro hac vice*)
HAYNES AND BOONE, LLP                           PAUL, WEISS, RIFKIND,
1221 McKinney, Suite 2100                         WHARTON & GARRISON LLP
Houston, TX 77010-2007                          1285 Avenue of the Americas
Telephone: (713) 547-2000                       New York, NY 10019-6064
Facsimile: (713) 547-2600                       Telephone: (212) 373-3000
mark.trachtenberg@haynesboone.com               Facsimile: (212) 757-3990
                                                dkramer@paulweiss.com

Nina Cortell
Texas State Bar No. 04844500                    *Attorney-in-Charge for Defendants*
S.D. Tex. Bar No. 3084650
Daniel H. Gold
Texas State Bar No. 24053230                    Theodore V. Wells, Jr. (*pro hac vice*)
S.D. Tex. Bar No. 2707300                       Daniel J. Toal (*pro hac vice*)
HAYNES AND BOONE, LLP                           Gregory F. Laufer (*pro hac vice*)
2323 Victory Avenue, Suite 700                  Jonathan H. Hurwitz (*pro hac vice*)
Dallas, TX 75219                                PAUL, WEISS, RIFKIND,
Telephone: (214) 651-5000                         WHARTON & GARRISON LLP
Facsimile: (214) 651-5940                       1285 Avenue of the Americas
nina.cortell@haynesboone.com                    New York, NY 10019-6064
daniel.gold@haynesboone.com                     Telephone: (212) 373-3000
                                                Facsimile: (212) 757-3990
                                                twells@paulweiss.com
                                                dtoal@paulweiss.com
                                                glaufer@paulweiss.com
                                                jhurwitz@paulweiss.com

                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Notice has been served by electronic CM/ECF filing, on this 18th day of January, 2018.

_/s/ Daniel J. Kramer_
Daniel J. Kramer