**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AZMI ATTIA, MARK BARR, and KEVIN CONROY, and all other individuals similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>EXXON MOBIL CORPORATION, SUZANNE McCARRON, MALCOLM FARRANT, BETH CASTEEL, DANIEL LYONS, and LEN FOX,<br><br>          Defendants. | Case No.: 4:16-cv-03484<br><br>Hon. Keith P. Ellison |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Azmi Attia, Mark Barr, and Kevin Conroy respectfully submit their response to Defendants' February 13, 2018 fourth notice of supplemental authority in support of their motion to dismiss the amended class action complaint (Dkt. No. 47.)

*Singh v. RadioShack Corp.*, No. 16-11587, 2018 U.S. App. LEXIS 2904 (5th Cir. Feb. 6, 2018), like every other case Defendants purport to cite as supplemental "authority," and, indeed, like every other case relied on by Defendants in their motion to dismiss, is unlike the case at hand, because *Singh* does not involve allegations of specific, contemporaneous factual knowledge by the Plan fiduciaries that bear directly on whether a prudent fiduciary would have concluded that disclosure of a known fraud would not do "more harm than good" to Plan participants. There are no allegations in *Singh* like the ones made here regarding Defendants' knowledge of how Exxon's stock performance was linked to the price of oil, which was climbing throughout the Class Period; or how Exxon's peers decided to write down the value of their reserves at the end of 2015, while

Exxon decided to perpetuate its fraud for at least another year.  These facts would have led a *prudent* fiduciary to conclude that a disclosure of the truth at the beginning of the Class Period would have resulted in a smaller stock price decline—and thus would ***not*** have caused "more harm than good"—than a disclosure at the end of the Class Period.  In other words, *Singh* is irrelevant.

DATED:  February 14, 2018

By: */s/ Samuel E. Bonderoff*

Samuel E. Bonderoff (admitted *pro hac vice*)
**ZAMANSKY LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone:  (212) 742-1414
Facsimile:   (212) 742-1177
*samuel@zamansky.com*

*Attorney-in-Charge for Plaintiffs and
the Proposed Class*

Jacob H. Zamansky (*pro hac vice*)
Edward H. Glenn, Jr. (*pro hac vice*)
Justin Sauerwald (*pro hac vice*)
**ZAMANSKY LLC**
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: (212) 742-1414
Facsimilie:  (212) 742-1177

*Interim Lead Counsel for Plaintiffs
and the Proposed Class*

J. Hampton Skelton
Southern District Bar. No. 852
**SKELTON & WOODY**
248 Addie Roy Road, Suite B-302
Austin, TX 78746
Telephone: (512) 651-7000
Facsimile:  (512) 651-7001
*hskelton@skeltonwoody.com*

*Interim Lead Counsel for Plaintiffs*
*and the Proposed Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Plaintiffs' Response to Defendants' Fourth Notice of Supplemental Authority has been served by electronic CM/ECF filing, on this 14th day of February, 2018.

/s/ Samuel E. Bonderoff
Samuel E. Bonderoff